George Dale JANDA, Appellant,

v.

The **OKLAHOMA TEACHERS' RETIREMENT SYSTEM,** Appellee.

No. 80092.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 30, 1993.

Karen L. Long, Tulsa, for appellant.

Brett Robinson, Oklahoma City, for appellee.

## OPINION

HUNTER, Presiding Judge:

Dr. George Dale Janda became a member of the Oklahoma Teachers' Retirement System (OTRS) in August, 1966, when he accepted a job as reading teacher with the Osage County Superintendent of Schools. Janda's membership in the OTRS was mandatory, and his share of payments were deducted from his check.

In October, 1967, Janda accepted a position with the Tulsa County Superintendent of Schools as a senior reading teacher. Thereafter, except for one school year during which he taught for the Tulsa Public schools, Janda held various supervisory positions with the Tulsa County Superintendent's office including coordinator for the Tulsa County Early Childhood Education Project. In September, 1974, Janda was promoted to First Deputy to the Tulsa County Superintendent of Schools. He held this job until his retirement on May 31, 1991.

Throughout his career, Janda maintained his membership in the OTRS. Upon retirement, he had accrued twenty-nine years of creditable service. Through January, 1980, payments to the OTRS were deducted from his paycheck. This changed in February, 1980, when employees of the Tulsa County Superintendent's Office, including Janda,

were required to join the Tulsa County Employees Retirement System (TCERS). This change was prompted by an unrelated district court case which held that these employees were "county employees" for the purpose of TCERS. Beginning that month, payments to TCERS were deducted from Janda's check, and Janda made his required payments to OTRS by personal check—Tulsa County would allow only one payroll deduction for retirement.

When Janda was compelled to join the TCERS, which at that time had been in existence for thirteen years, he sought credit for an additional six years of service—October, 1967, through August, 1970, and June 1, 1971, through September 15, 1974. TCERS denied his request, and Janda filed suit. The district court ordered TCERS to credit Janda for the six years in question "provided that the petitioner does not get double duty for said period of time from the state and county funds and provided he and the Tulsa County Superintendent of Schools, pay in their matching portions to the Tulsa County Retirement System for said period of time." *In Re The Service Credit Years of G. Dale Janda in the Tulsa County Employees Retirement Fund & System,* Case No. C–82–732 (February 27, 1983).

Janda complied with the court order by making the required back payments to TCERS. He inquired about withdrawing from OTRS but received an oral answer from OTRS officials that his membership in OTRS was mandatory. This experience paralleled that of Janda's previous supervisor, Dr. Thomas Summers, whose earlier request to withdraw from OTRS had also been denied. Upon his retirement, Summers was allowed to draw retirement benefits both from OTRS and TCERS.

In fact, from 1956 through July, 1991, OTRS rules required membership of "a county superintendent of schools or a person employed in a school supervisory capacity in a county superintendent's office." The rules were silent concerning membership in more than one public retirement system until July 1, 1991. Effective that date, OTRS enacted a new rule under which any person employed after July 1, 1991, who is covered by another public retirement plan, is ineligible for OTRS membership.

To comply with OTRS rules, Janda continued making payments to both organizations during the next eleven years. From 1980 to 1991, Tulsa County matched Janda's contributions to TCERS, but it did not match Janda's contributions to OTRS.

Janda submitted his application for retirement benefits to OTRS on March 21, 1991, effective June 1, 1991. OTRS Trustees deferred action on Janda's application pending receipt of an opinion from the Attorney General requested by the OTRS Executive Secretary after Janda applied for retirement benefits. The informal opinion issued August 20, 1991, suggested that only County Superintendents are eligible for participation in OTRS. This opinion contradicts two earlier informal opinions of the Attorney General.

The OTRS Trustees denied Janda's application for benefits. Janda requested a rehearing, and the denial was affirmed on appeal to an OTRS hearing officer. In its final order, OTRS noted the lack of specific statutory prohibition against receiving benefits from more than one retirement system but stated that "the beneficial purposes of Oklahoma retirement and pension statutes, such as motivating continued and diligent service on the part of employees ... are adequately served by participation in one retirement system." Janda appealed to the district court which affirmed the denial of benefits.

Before this court Janda argues that he is entitled to participate in OTRS because the rules in effect at the time of his retirement do not prohibit him from receiving retirement benefits from both systems. Janda has requested that attorneys' fees be awarded on appeal. OTRS argues that Janda's participation in both retirement systems is against public policy. OTRS further argues that it has an affirmative duty to operate under its rules and to correct mistakes. Allowing Janda to receive benefits from both systems, OTRS argues, would be a mistake because he is ineligible for membership under the July 1, 1991, rule precluding from membership employees covered by other public retirement systems.

## STANDARD OF REVIEW

We review agency decisions on the record as a whole. An agency's determination of questions of fact are not disturbed if they are supported by substantial evidence. *Board of Examiners of Veterinary Medicine v. Mohr,* 485 P.2d 235 (Okl.1971). We review questions of law de novo. *See Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). In the present case, we are presented with a question of law.

## FINDINGS ON REVIEW

It is undisputed that Janda was eligible for retirement on May 31, 1991. At that time, his rights in both OTRS and TCERS vested. *See Baker v. Oklahoma Firefighters Pension,* 718 P.2d 348, 351 (Okl.1986) (pension recipient's right to benefits vested upon recipient's becoming eligible for payment of pension).

The July 1, 1991, OTRS rule prohibiting membership of employees covered by other public retirement systems does not apply to Janda who retired one month before the new rule became effective.

OTRS argues that allowing participation in only one retirement system adequately promotes the beneficial purposes of a retirement system. We have no quarrel with this statement; in fact, we think the new rule is logical and reasonable. But the facts in the case do not warrant the retroactive application of the rule to Janda who was required to participate in both retirement systems and who faithfully made all required payments.

The judgment of the district court appealed from is REVERSED. This matter is REMANDED with directions to award Appellant his retirement benefits with appropriate interest. Appellant's request for attorneys' fees on appeal is DENIED.

REVERSED AND REMANDED WITH DIRECTIONS.

BAILEY and JONES, JJ., concur.